Mark C. Choate, AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 856-3894
Email: lawyers@choatelawfirm.com

Attorneys for Elias Nystrom

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ELIAS NYSTROM,<br><br>Plaintiff,<br><br>v.<br><br>KHANA MARINE LTD., NOK CO., LTD. S.A., *in personam*, and the M/V SUAH, Official Number 43379-12-B, her engines, winches, gear, and appurtenances, *in rem*,<br><br>Defendants. | Case No.<br><br><br><br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

Plaintiff Elias Nystrom, by and through his counsel Choate Law Firm, LLC, alleges against the above-named Defendants as follows:

**PRELIMINARY ALLEGATIONS**
(Parties, Jurisdiction and Venue)

1. Plaintiff Elias Nystrom is presently a resident of California, although, at the time of the subject accident, Plaintiff was a longshoreman employed as a stevedore at Dutch Harbor, Alaska.

2. On information and belief, Defendant Khana Marine Ltd., is a foreign entity located in Busan, Busan, Republic of Korea, conducting business in Alaska, and a manager and/or owner of the Defendant M/V SUAH (the "Vessel").

COMPLAINT
Page 1 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 1 of 6

3. On information and belief, Defendant NOK CO., LTD. S.A., is a foreign entity located in Panama, conducting business in Alaska, and a manager and/or owner of the Vessel.

4. The Vessel is a cargo ship of Panamanian registry, which on information and belief is owned and/or managed by the aforementioned *in personam* Defendants.

5. The amount in controversy herein, exclusive of interest and costs, exceeds $75,000. The Court has subject matter jurisdiction on that basis as to claims asserted against the *in personam* Defendants, given the diversity of citizenship of the parties, pursuant to 28 U.S.C. 1332.

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as to the *in rem* Defendant Vessel. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

7. Venue is proper in this District, in that the Vessel called upon this District where the subject accident occurred.

## OPERATIVE FACTS
(Accident)

8. On or about April 29 and 30, 2017, Plaintiff was a longshoreman employed by Pacific Stevedoring in Dutch Harbor, Alaska.

9. Defendants Khana Marine Ltd. and NOK CO., LTD. S.A. owned, operated, chartered, manned, and arranged stevedoring services for the Vessel during its port call to Dutch Harbor on or about April 29 and 30, 2017.

10. On or about April 29 and 30, 2017, Plaintiff's employer, Pacific Stevedoring, was engaged in rendering stevedoring services on and about the Vessel which was anchored in navigable waters at Dutch harbor and Plaintiff was employed as a longshoreman on that site and at that time was performing such services on behalf of the employer.

COMPLAINT
Page 2 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 2 of 6

11. Defendants hired Plaintiff's employer, Pacific Stevedoring, a stevedoring company, to assist in the discharge of cargo from the vessel during its April 29 and 30, 2017 call at Dutch Harbor.

12. Plaintiff's shift performing stevedoring services aboard the Vessel began at approximately 3:15 PM on April 29, 2017, and was scheduled to last approximately 18 hours.

13. During this shift. on or about April 30, 2017, while working as a manual laborer loading frozen fish in the lower hold aboard the Vessel, Plaintiff suffered severe and disabling injuries when he slipped on ice in the freshly-opened hold while moving fifty to fifty-five pound bags of frozen fish from a dolly to the floor of the hold.

14. Specifically, at approximately 4:45 AM on April 30, 2017, Plaintiff was in the middle of the hold taking a fifty to fifty-five pound package of frozen fish from the main load onto the floor of the hold, at which point he slid on ice on the floor of the hold and landed directly onto his left-shoulder on the floor of the hold.

15. Plaintiff suffered immediate pain and could feel that his arm had been dislocated from his shoulder socket.

16. Plaintiff immediately got to his feet and manually pushed his shoulder back into place, before removing himself from the hold and going to the galley of the Vessel to speak to his supervisor.

17. Plaintiff was provided pain medication on the Vessel and then waited until approximately between 11:00 AM and 12:00 PM on April 30, 2017 for the next tugboat to arrive and take him back to shore.

18. As April 30, 2017 was a Sunday, Plaintiff waited until Monday, May 1, 2017 before seeing a physician in Dutch Harbor.

## CAUSE OF ACTION
(LHWCA § 905(b) –Negligence)

19. Plaintiff incorporates all of his foregoing allegations by reference.

COMPLAINT
Page 3 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 3 of 6

20. During the cargo loading operations, the Vessel's crewmembers actively involved themselves in the operation, working side-by-side with the longshore gang.

21. The Vessel's crew actively controlled the floor of the hold, and specifically opened it up for Plaintiff to use when it was not safe.

22. The Vessel and her owner/operators (collectively "Defendants") negligently inspected the Vessel, negligently turned the vessel over to the Plaintiff's employer in an unsafe condition, negligently failed to provide Plaintiff with a safe place to work, negligently failed properly to maintain the flooring of the Vessel's hold, negligently represented to Plaintiff's employer that the flooring of the Vessel's hold was in proper order, and negligently failed to warn about the condition of the flooring of the Vessel's hold.

23. Defendants were negligent in their active involvement and active control over the hold, and proximately caused Plaintiff's injury.

24. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained great physical and emotional harm in an amount to be determined at the time of trial. Plaintiff's aforementioned injuries are permanent in nature. All of said injuries have caused and will continue to cause, Plaintiff severe pain and suffering, whereby he has been generally damaged in a sum to be proven at trial.

25. Plaintiff had x-rays taken and was placed on medication by the physician in Dutch Harbor.

26. Due to the injury, Plaintiff was physically unable to continue working as a stevedore for Pacific Stevedoring and shortly, thereafter, returned to his residence in California.

27. Upon Plaintiff's return to California, he came under the care of an orthopedist on June 14, 2017.

28. An MRI of the left shoulder was done on July 3, 2017, and revealed rotator cuff tendinosis with fraying without discrete full thickness tear, anterosuperior and posteroinferior labral tear, and Hill-Sachs injury with Bankart lesion.

COMPLAINT
Page 4 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 4 of 6

29. Plaintiff underwent arthroscopy of the left shoulder on March 4, 2018, following a comprehensive rehabilitation program. The surgery was a Bankart capsulorrhaphy with debridement as well as subacromial decompression. Postoperatively, Plaintiff underwent a comprehensive rehabilitation program and made progress with that until reaching permanent and stationary status.

30. Plaintiff is unable to return to his preinjury occupation with the above-noted restrictions.

31. As a direct and proximate cause of the subject accident, Plaintiff has permanent restrictions with regard to his work activities, in that he is precluded from forceful or repetitive overhead work and would have an overall weight-lifting restriction of 40 pounds.

32. Plaintiff is therefore unable to return to his preinjury occupation with the above-noted restrictions.

33. As a further direct and proximate result of the Defendant's negligence, Plaintiff has lost earnings and future earning capacity, in an amount to be determined at the time of trial

34. As a further direct and proximate result of said conduct of the Defendants, Plaintiff has incurred and will continue to incur liabilities for medical attention, care and treatment, wage loss, and future earning capacity, in an amount exceeding $75,000 to be determined at the time of trial.

35. Plaintiff hereby demands a trial by jury in this action.

WHEREFORE, plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages according to proof at trial;

2. For medical and incidental expenses according to proof;

3. For loss of earnings and earning capacity according to proof;

4. For costs of suit incurred herein; and

COMPLAINT
Page 5 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 5 of 6

5. For such other and further relief as the court may deem just and proper.

Dated: April 26, 2020

By: *s/Mark Choate*
Mark C. Choate, AK #8011070
Attorney for Plaintiff

COMPLAINT
Page 6 of 6

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00098-SLG   Document 1   Filed 04/27/20   Page 6 of 6